### The East and West Illinois Railway Company
*v.*
### Isom Miller *et al.*

*Opinion filed February 18, 1903.*

Appeals and Errors—*when a condemnation verdict will stand on appeal.* Damages awarded by the jury in condemnation, if within the range of the evidence, will not be disturbed on appeal, where the evidence is conflicting and the jury viewed the premises.

Appeal from the County Court of Jackson county; the Hon. R. J. McIlvaine, Judge, presiding.

Forman & Browning, for appellant.

William A. Schwartz, for appellees.

Mr. Chief Justice Magruder delivered the opinion of the court:

This is a condemnation proceeding, begun by the filing of a petition for condemnation by the appellant company on May 23, 1902, in the county court of Jackson county. The petitioner alleges, that it is a railroad company, incorporated under the laws of Illinois, and that

Isom Miller and his wife, the appellees herein, are the owners of the lands sought to be condemned, to-wit, a strip one hundred feet wide, being fifty feet in width on each side of the located line of said railway, across the south-west quarter of the south-east quarter of section 17, township 8, south, range 1 west, in Jackson county, containing 2.20 acres; also that part of the south-west quarter of the south-east quarter lying south of the above described strip, containing 3.42 acres, the last mentioned land being necessary for filling and constructing said railroad. The total amount of land sought to be condemned was 5.62 acres. Miller and wife filed a cross-petition for damages on June 4, 1902, claiming damages to the south-west quarter of the south-east quarter and the south-east quarter of the south-west quarter of said section 17 by reason of the building and operating of said road, the total amount of land claimed to be so damaged being 80 acres.

The cause was tried before the court and a jury. Evidence was introduced by both sides as to the value of the land taken, and also as to the amount of damages done to the land not taken. By order of court the jury went upon the premises, and viewed the same. The jury returned a verdict, awarding to appellee, Isom Miller, as the just compensation for the land taken, the sum of $687.50, and as damages to the land not taken, the sum of $894.00, the total amount awarded being $1581.50. After overruling a motion for new trial, the court rendered judgment on the verdict in favor of defendants, and for costs of suit. The present appeal is prosecuted from such judgment.

No errors are pointed out to us by counsel for appellant as having been committed by the trial court, either in the giving or refusal of instructions, or in the admission or exclusion of evidence. Indeed, no instructions were asked by, or given for, the appellees upon the trial below. All the instructions, asked by the appellant, petitioner in the court below, were given.

The only ground, upon which the judgment below is here attacked, is that the verdict was excessive, both as to the amount allowed as compensation for land taken, and as to the amount of damages allowed for land not taken. Upon looking into the evidence we find that quite a number of witnesses state that the land taken, to-wit, 5.62 acres, was worth some $200.00 an acre, or more than $1000.00. Other witnesses put the value of the land taken at a lower figure than $200.00 per acre. But the large preponderance of the evidence is in favor of the amount, allowed by the jury as compensation for the land taken, to-wit, $687.50. The evidence also largely preponderates in favor of a greater sum for damages to the land not taken than that which was found by the jury, to-wit, $894.00. We do not regard the judgment, to-wit, $1581.50, as being excessive under the evidence in the record. In connection with the evidence introduced for their consideration, the jury were allowed to view the premises, and it is well settled that the damages, awarded by a jury in a condemnation proceeding, will not be disturbed where the evidence is conflicting, and the jury viewed the premises. (*Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 Ill. 547; *Lanquist* v. *City of Chicago*, 200 id. 69).

In the instructions, given by the court for the appellant, the jury were cautioned not to allow any damages to the land not taken, which should be remote or speculative in character. They were told to allow only such actual damages, as might be apparent from the evidence, and from their inspection of the premises. All the instructions, given by the court for the appellant at its own request, laid down correct rules as to the compensation to be allowed for land taken, and as to the damages to be given for injury to land not taken.

We perceive no error in the record. Accordingly, the judgment of the county court is affirmed.

*Judgment affirmed.*